F I L E D
Feb 11, 2008
FEB 1 1 2008 aew
Page 2
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District NORTHERN DIST. |
|---|---|
| Name (under which you were convicted): TOMAS ORTIZ | Docket or Case No.: 04-CR-714 |
| Place of Confinement: F.C.I. MANCHESTER, P.O. BOX 4000, MANCHESTER, KY. 40962 | Prisoner No.: 17223-424 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) TOMAS ORTIZ |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. DISTRICT COURT, NORTHERN DIST. OF ILLINOIS, EASTERN DIVISION, 219 SOUTH DEARBORN ST., CHICAGO, IL. 60604

    (b) Criminal docket or case number (if you know): 04-CR-714

2. (a) Date of the judgment of conviction (if you know): CONVICTED APRIL 1, 2005, FINAL JUDGEMENT ENTERED DECEMBER 9, 2005

    (b) Date of sentencing: DECEMBER 9, 2005

3. Length of sentence: 92 mMONTHS/(3) YEARS SUPERVISED RELEASE

4. Nature of crime (all counts): POSSESSION OF A FIREARM BY A FELON IN VIOLATION OF 18 U.S.C. 922(g)(1).

**08CV0880
JUDGE BUCKLO
MAG.JUDGE DENLOW**

5. (a) What was your plea? (Check one)

    (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☒  No ☐
8. Did you appeal from the judgment of conviction?  Yes ☒  No ☐
9. If you did appeal, answer the following:
   (a) Name of court: U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT
   (b) Docket or case number (if you know): 05-4668
   (c) Result: JUDGEMENT AND CONVICTION AFFIRMED
   (d) Date of result (if you know): JANUARY 31, 2007
   (e) Citation to the case (if you know): U.S. V. TOMAS ORTIZ
   (f) Grounds raised: THE GOVERNMENT MISSTATED THE LAW BY ASSERTING THAT FRE 404(b) DOES NOT APPLY WHEN A DEFENDANT "OPENS THE DOOR" TO OTHER BAD EVIDENCE; 2). TOMAS ORTIZ'S TRIAL COUNSEL DID NOT OPEN THE DOOR TO EVIDENCE THAT TOMAS AND WILLIAM WERE INVOLVED IN A ROBBERY IN 1998; AND 3). THE DISTRICT COURT'S EVIDENTIARY HEARING ERRORS WERE NOT HARMLESS.

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☒  No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): 06-10813
      (2) Result: DENIED

      (3) Date of result (if you know): 10-01-07
      (4) Citation to the case (if you know): TOMAS ORTIZ V. UNITED STSTES
      (5) Grounds raised: IS 18 U.S.C. SECTION 922(g)(1) UNCONSTITUTIONAL AS APPLIED TO FELONS PURELY INTRASTSTE POSSESSION OF A FIREARM WHEN THAT POSSESSION HAS NO MORE THAN A MINIMAL, THEORETICAL EFFECT ON INTERSTATE COMMERCE.


10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐  No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: NOT APPLICABLE
        (2) Docket or case number (if you know): NOT APPLICABLE
        (3) Date of filing (if you know): NOT APPLICABLE

Page 4

    (4) Nature of the proceeding: __NOT APPLICABLE__

    (5) Grounds raised: __NOT APPLICABLE__

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐  No ☒

    (7) Result: __NOT APPLICABLE__

    (8) Date of result (if you know): __NOT APPLICABLE__

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: __NOT APPLICABLE__

    (2) Docket or case number (if you know): __NOT APPLICABLE__

    (3) Date of filing (if you know): __NOT APPLICABLE__

    (4) Nature of the proceeding: __NOT APPLICABLE__

    (5) Grounds raised: __NOT APPLICABLE__

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐  No ☒

    (7) Result: __NOT APPLICABLE__

    (8) Date of result (if you know): __NOT APPLICABLE__

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:   Yes ☐  No ☒

    (2) Second petition:   Yes ☐  No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: I HAVE NOT FILED ANY FURTHER APPEALS OTHER THAN THOSE LISTED HEREIN.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: THE COURT ABUSED IT'S DISCRETION IN SENTENCING THE MOVANT BASED ON AN IMPROPER ENHANCEMENT FOR KNOWINGLY POSSESSING

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
A FIREARM TO COMMIT ANOTHER CRIME THAT WAS NEVER COMMITTED, IN VIOLATION OF 2K2.1(5). IN THE P.S.I. REPORT, THE PETITIONER WAS GIVEN A 4-POINT EHNHANCEMENT FOR KNOWINGLY POSSESSING A FIREARM TO COMMIT ANOTHER CRIME THAT WAS NEVER COMMITTED. THIS ISSUE WAS OBJECTED TO BY DEFENSE COUNSEL AT TRIAL.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I BROUGHT THIS MATTER TO COUNSEL'S ATTENTION, REQUESTED THAT HE INCLUDE THIS ISSUE IN MY DIRECT APPEAL, YET, HE NEGLESTED TO DO SO.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Page 6

Docket or case number (if you know): <u>NOT APPLICABLE</u>
Date of the court's decision: <u>NOT APPLICABLE</u>
Result (attach a copy of the court's opinion or order, if available): <u>NOT APPLICABLE</u>

(3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
  Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: <u>NOT APPLICABLE</u>

Docket or case number (if you know): <u>NOT APPLICABLE</u>
Date of the court's decision: <u>NOT APPLICABLE</u>
Result (attach a copy of the court's opinion or order, if available): <u>NOT APPLICABLE</u>

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: <u>NOT APPLICABLE AT THE TIME AS COUNSEL DID NOT RAISE THESE ISSUES AS THEY SHOULD HAVE BEEN RAISED.</u>

GROUND TWO: <u>TRIAL COURT ERRED AND ABUSED IT'S DISCRETION IN ASSERTING A MISSTATEMENT OF LAW THAT THE FEDERAL RULES OF EVIDENCE</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>404(b) DOES NOT APPLY WHERE A DEFENDANT "OPENS THE DOOR", TO PAST EVIDENCE OF ILLEGAL ACTS AND CONDUCT. AT TRIAL, THE COURT ALLOWED THE TESTIMONY OF THE MOVANTS PAST CRIMINAL CONDUCT TO BE UTILIZED BY GOVT. WITNESS, WILLIAM ORTIZ ON THE UNITES STATES ATTORNEY'S RE-DIRECT EXAMINATION, WHICH INCLUDED TESTIMONY CONCERNING AN EARLIER RONBBERY AND A VIDEO TAPE OF THE MOVANT PREPARING MARLJAUNA FOR SALE. CLEARLY THIS EVIDENCE AND TESTIMONY WAS HIGHLY PREJUDICIAL TO THE MOVANTS CASE.</u>

(b) Direct Appeal of Ground Two:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☒   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: __NOT APPLICABLE__

   Name and location of the court where the motion or petition was filed: _____
   _____NOT APPLICABLE_____

   Docket or case number (if you know): __NOT APPLICABLE__

   Date of the court's decision: __NOT APPLICABLE__

   Result (attach a copy of the court's opinion or order, if available): _____
   _____NOT APPLICABLE_____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☒

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☒

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: __NOT APPLICABLE__

   Docket or case number (if you know): __NOT APPLICABLE__

   Date of the court's decision: __NOT APPLICABLE__

   Result (attach a copy of the court's opinion or order, if available): _____
   _____NOT APPLICABLE_____

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NOT APPLICABLE

GROUND THREE: TRIAL COUNSEL WAS INEFFECTIVE FOR RENDERING TO THE PETITIONER INCOMPETENT ADVICE AS TO SIGNING A STIPULATION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): CONTRACT/AGREEMENT AS TO BEING A CONVICTED FELON FOR PURPOSES OF 18 U.S.C. SECTION 922(g)(1), THUS CAUSING THE MOVANT TO UNKNOWINGLY AND INVOLUNTARILY SUBJECT HIMSELF TO SELF-INCRIMI-NATION, CLEARLY IN VIOLATION OF HIS FIFTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION. HAD THE MOVANT KNOW THAT THIS WOULD BE UTILIZED TO CONVICT HIM, HE ASSERTS THAT HE WOULD NOT HAVE IN ANY WAY SIGNED THE STIPULATION CONTRACT/AGREEMENT. COUNSEL'S PERFORMANCE WAS CLEARLY DEFICIENT AND FELL BELOW THE STANDARDS OF A COMPETENT ATTORNEY THUS SUBJECTING THE MOVANT TO GRAVE PREJUDICE.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: ISSUE WAS NOT DISCOVERED EXCEPT THROUGH DUE DILIGENCE.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: NOT APPLICABLE

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): NOT APPLICABLE

Date of the court's decision: NOT APPLICABLE

Result (attach a copy of the court's opinion or order, if available): _____
NOT APPLICABLE

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: NOT APPLICABLE

Docket or case number (if you know): NOT APPLICABLE
Date of the court's decision: NOT APPLICABLE
Result (attach a copy of the court's opinion or order, if available): NOT APPLICABLE

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NOT APPLICABLE

**GROUND FOUR:** COURT ERRED IN SENTENCING THE MOVANT TO 18 U.S.C. 922(g)(1), FURTHER ABUSING IT'S DISCRETION, AS THIS STATUE IS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
CLEARLY PREJUDICIAL AS IS BEING APPLIED. THE MOVANT WAS TRIED BY JURY AND CONVICTED OF THE ABOVE ASSERTED CRIME. HOWEVER, THE COMMERCE CLAUSE OF 18 U.S.C. 922(g)(1) IS CLEARLY VERY PREJUDICIAL AS BEING APPLIED.

Page 10

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ISSUE WAS RAISED BY WAY OF WRIT OF CERT. IN THE U.S. SUPREME COURT.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: NOT APPLICABLE

Name and location of the court where the motion or petition was filed: NOT APPLICABLE

Docket or case number (if you know): NOT APPLICABLE

Date of the court's decision: NOT APPLICABLE

Result (attach a copy of the court's opinion or order, if available): NOT APPLICABLE

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NOT APPLICABLE

Docket or case number (if you know): NOT APPLICABLE

Date of the court's decision: NOT APPLICABLE

Result (attach a copy of the court's opinion or order, if available): NOT APPLICABLE

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: DEFENSE COUNSEL AT THE TIME CHOSE NOT TO. I JUST DISCOVERED THIS ISSUE THROUGH DUE DILIGENCE IN A PRO SE MANNER.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: DISTRICT COURT ERRED, ABUSED IT'S DISCRETION BY ENTERING AN ORDER COMMITTING THE MOVANT TO EVECUTIVE CUSTODY PURSUANT TO SECTION 3231 OF 18 U.S.C. OF THE UNCONSTITUTIONAL PUBLIC LAW 80-772 WERE ISSUED ULTRA VIRES, ARE UNCONSTITUTIONAL AND CORAM NON JUDICE, MAKING MOVANT'S IMPRISONMENT UNLAWFUL, 2). COURT ERRED IN EXERCISING IT'S ORIGINAL DISCRETION OVER THE SUBJECT MATTER IN THE UNIQUE AND EXTRAORDINARY (SEE ATTACHED)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. NOT APPLICABLE

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: STEVEN SALTZMAN, 122 S. MICHIGAN AVE., SUITE 1850, CHICAGO, IL 60603.
(b) At arraignment and plea: SAME AS ABOVE

(c) At trial: SAME AS ABOVE

(d) At sentencing: SAME AS ABOVE

(CONT FROM #13); CIRCUMSTANCES PRESENTED IN LIGHT IF THE SIGNIFICANT CONSTITUTIONAL ISSUES OF PUBLIC IMPORT; 3). COUNSEL WAS INEFFECTIVE FOR NOT MOVING TO SUPPRESS THE TAINTED EVIDENCE FROM THE PHONE CONVERSATIONS THAT WERE UNDERTAKEN IN VIOLATION OF THE MOVANT'S FOURTH AMENDMENT CONSTITUTIONAL RIGHTS. IT IS A WELL-KNOWN FACT THAT IN MOST INSTANCES, THAT BEFORE ANY FORM OF ELECTRONIC SURVEILLANCE CAN BE UNDERTAKEN THAT THERE MUST BE A WARRANT ISSUED, BASED UPON PROBABLE CAUSE, TO INCLUDE A SWORN AFFIDAVIT BEING PRESENTED TO THE MAGISTRATE IN ORDER TO OBTAIN PERMISSION TO PERFORM THE SURVEILLANCE; **REASONS FOR NOT PRESENTING THESE ISSUES IN ANY FEDERAL COURT IS THAT THEY WERE ONLY DISCOVERED THROUGH DUE DILIGENCE ALONG WITH THE SURE FACT THAT COUNSEL WAS INEFFECTIVE FOR NOT PRESENTING THESE ISSUES TO THE COURT PRIOR TO THE FILING OF THIS 28 U.S.C. 2255.**

Page 12

(e) On appeal: <u>JENNIFER BRUNO, 233 E. WACKER DRIVE, SUITE 4311, CHICAGO, IL 60601</u>

(f) In any post-conviction proceeding: <u>NOT APPLICABLE</u>

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>NOT APPLICABLE</u>

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: <u>NOT APPLICABLE</u>

   (b) Give the date the other sentence was imposed: <u>NOT APPLICABLE</u>

   (c) Give the length of the other sentence: <u>NOT APPLICABLE</u>

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☒

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* __THIS MOTION IN PURSUANT TO 28 U.S.C. 2255 IS BEING PRESENTED TO THIS COURT WITHIN THE SPECIFIED ONE YEAR TIMEFRAME.__

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: <u>THAT HIS SENTENCE AND JUDGEMENT BE VACATED AND THAT HE BE ORDERED RELEASED FROM IMPRISONMENT.</u>

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on **Feb. 4-2008** (month, date, year).

Executed (signed) on **JAN. 31, 2008** (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

IN FORMA PAUPERIS DECLARATION

**U.S District Court, Northern Dis. of Ill.**
[Insert appropriate court]

* * * * *

**SEE ATTACHED**