UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMAS ORTIZ | ) | |
| | ) | No. 08 CV 880 |
| v. | ) | No. 04 CR 714 |
| | ) | Honorable Elaine Bucklo |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION PURSUANT TO 28 U.S.C. § 2255**

Defendant has filed a motion pursuant to Title 28, United States Code, Section 2255, which largely resuscitates claims rejected already by this court and by the Seventh Circuit Court of Appeals. Any new arguments offered by defendant contain meritless criticisms of his lawyer or vague, incomprehensible rants that should be rejected. Accordingly, defendant's motion should be denied.

**SUMMARY OF PRIOR PROCEEDINGS**

Defendant was charged with one count of possession of a firearm by a felon, in violation of 18 U.S.C. 922(g). After a jury trial, which included video and audiotape evidence of the defendant's possession of and discussion about the firearm, defendant was convicted. Thereafter, on December 9, 2005, defendant was sentenced by this Court to a term of imprisonment of 92 months – the low end of the applicable Guideline range. With a criminal history category V and an adjusted offense level of 24, defendant's Guideline range was 92-115 months. A copy of the judgement is attached as Exhibit A.

Thereafter, on December 21, 2005, defendant appealed his conviction to the Seventh Circuit Court of Appeals. In that direct appeal, defendant raised two issues – the constitutionality of 18 U.S.C. 922(g)(1) and the admission of two pieces of evidence. The Seventh Circuit rejected

defendant's arguments and affirmed his conviction. Defendant then filed a writ of certiorari with the Supreme Court, again raising the Commerce Clause issue he had raised in this court and with the Seventh Circuit. Defendant's cert petition was denied.

**DEFENDANT'S SECTION 2255 MOTION**

In vague, conclusory, and sometimes incomprehensible fashion, defendant attacks his conviction and sentence and appears to raise seven arguments: (i) the court abused its discretion in sentencing defendant based on an "improper enhancement" for possessing a firearm in order to commit another crime; (ii) the court made certain evidentiary errors at trial; (iii) defendant's counsel was ineffective for advising defendant to stipulate to the fact that he was a convicted felon; (iv) the court erred by sentencing defendant because the "Commerce Clause of 18 U.S.C. 922(g)(1) is clearly very prejudicial as being applied." (v) the court erred by "entering an order committing the movant to executive custody pursuant to Section 3231 of 18 U.S.C. of the unconstitutional public law 80-772;" (vi) the court erred "in exercising it's original discretion over the subject matter in the unique and extraordinary circumstances presented in light if the significant constitutional issues of public import;" and (vii) defendant's counsel was ineffective for not moving to suppress evidence from phone conversations that were undertaken without a warrant.

**ARGUMENT**

Relief under section 2255 "is reserved for extraordinary situations." *Hays v. Untied States*, 397 F.3d 564, 566 (7th Cir. 2005). A district court will grant such a motion to vacate, set aside or correct a sentence only if the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* at 566-67.

Under 28 U.S.C. 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or sentence has been founded on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995). The court may dismiss a section 2255 petition without holding an evidentiary hearing when the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Olmstead v. United States*, 55 F.3d 316, 318 (7th Cir. 1995). A section 2255 motion is "neither a recapitulation nor a substitute for a direct appeal." *Olmstead*, 55 F.3d at 319. Accordingly, a section 2255 petition cannot raise (1) issues that were raised on direct appeal absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal unless the petitioner demonstrates cause for the procedural default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

**I. DEFENDANT'S SENTENCING ARGUMENT SHOULD BE REJECTED.**

Defendant first argues that this court abused its discretion in sentencing him by enhancing his sentence four levels pursuant to Guideline 2K2.1(b)(5) for transferring the firearm with knowledge, intent, or reason to believe the firearm was to be used to commit another felony offense. This issue was fully litigated in the district court, with both parties submitting briefs and arguments in support of their positions.

The evidence at trial established that the cooperating witness and the defendant had a prior history in which they engaged in a drug rip-off together. Both the defendant and the cooperator were Latin Kings, and both had a history of criminal behavior. On the day that the defendant gave

the cooperating witness a firearm, the defendant, through his own words, admitted that he understood that the cooperator intended to use the gun for a drug rip-off. Despite having that belief, defendant still transferred the gun to the cooperator.

The cooperating witness first described a meeting with defendant on January 23, 2004. The meeting was recorded. During their conversation on January 23, 2004, defendant told the cooperating witness about an incident the previous summer. Defendant, whose street name was "Papo," told the cooperating witness that one day the previous summer he was told by others that some Maniac Latin Disciples were in the neighborhood. Defendant responded by arming himself with two guns – a Ruger .22 and a ".380." Specifically, defendant told the cooperating witness, "These niggas like 'Man Papo, there's like five cars of Maniacs over here. Yo, what the fuck?' I came out with two thangs [guns]. 'Where them bitches at.'" The cooperator responded, "Uh huh. They were gone?" Defendant said, "Yeah, yeah, they was gone. Got a big-ass Ruger. A Ruger . . . a .22 Ruger and a .380." On February 11, 2004, the cooperating witness called defendant and asked if he could "use one of your toys [guns]? To do somethin'?" Defendant responded, "Huh?" The cooperating witness said again, "Go do somethin'?" Defendant responded, "yeah." The pair then made plans to meet later that day.

Later on February 11, 2004, the cooperating witness did in fact meet with defendant. They met at defendant's house. The cooperating witness asked, "Which one you got [which gun do you have?]?"[1] Defendant responded, "Uh, the two two [the .22 caliber Ruger]." The cooperator then said, "The two. You got, you got, you got a round [a bullet] in it?" The following exchange then

---

[1]The bracketed language contains the cooperator's understanding of the words spoken between the cooperator and defendant.

occurred:

Defendant: Huh?

CW: You got a round?

Defendant: Yeah.

* * * *

Defendant: What is it? One of them thangs? [asking, essentially, was the cooperator going to do a drug rip-off, i.e. "One of them thangs?"]

CW: Huh, yeah, probably two.

Defendant: Two what? Bricks [of cocaine]?

CW: Two bricks [of cocaine]

It was the defendant who introduced the notion of a drug rip-off into the conversation with the cooperating witness: "What is it? One of them thangs?" When the cooperator said, "yeah, probably two," the defendant knew exactly the stakes: "Two what? Bricks?" Later in the conversation about the rip-off, the cooperator agreed to give defendant part of the proceeds of the rip-off, "I guess I'll give you half, you know." The cooperator then said, in Spanish, "For loaning it to me, you know." Defendant then said, "You know how we do this."

The evidence established clearly – certainly by a preponderance – that defendant believed he was giving a gun to the cooperator in order for the cooperator to steal two kilograms of cocaine from a drug dealer. Defendant believed he was going to get half of the drugs. The district court therefore properly made the sentencing enhancement.

Defendant now claims that his appellate lawyer was ineffective for raising this issue on appeal. But, an appellate counsel's performance is deficient only if counsel fails to appeal an issue that is obvious and clearly stronger than the claims counsel did raise. *See Sanders v. Cotton*, 398

F.3d 572, 585 (7th Cir. 2005). To establish the prejudice prong, the defendant must show that a reasonable probability exists that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003).

Ortiz's sentencing claim fails on both counts. First, challenging the sentencing enhancement – where the evidence clearly showed that defendant understood the cooperator's alleged purpose for holding the gun – was not an obviously or clearly stronger claim than the choices appellate counsel did make in the appeal. *See Sanders*, 398 F.3d at 585. Indeed, it was a sure loser – for the very reasons articulated above. Second, the issue of the sentencing enhancement would not have resulted in the reversal of the conviction or an order for new trial, but simply a remand for resentencing. Therefore, defendant's ineffective assistance of appellate counsel claim fails. *See Lee*, 328 F.3d at 901.

## II. DEFENDANT IS BARRED FROM RAISING HIS EVIDENTIARY OBJECTIONS

Defendant next asserts that the court erred in allowing the introduction at trial of 404(b) evidence of his prior drug rips and of evidence of defendant's preparation of marijuana for sale. Defendant raised these arguments at trial, and they were rejected. As he admitted in his section 2255 motion, defendant raised these issues on direct appeal and they were rejected. Defendant has offered nothing new in this section 2255 motion on these issues. Accordingly, defendant's already-rejected evidentiary arguments are barred. *See United States v. DiDomenico*, 78 F.3d 294, 298-01 (7th Cir. 1996); *DeMaro v. Willingham*, 401 F.2d 105, 106 (7th Cir. 1968) (contentions raised on direct appeal cannot be relitigated under section 2255).

## III. DEFENDANT'S COUNSEL GAVE DEFENDANT SOUND ADVICE CONCERNING A STIPULATION ABOUT DEFENDANT'S CRIMINAL HISTORY

Defendant next claims that his counsel was ineffective for recommending he sign a stipulation that he was a felon. Defendant makes no claim that the government would not have proved defendant's felony status otherwise, nor does he explain why the benign stipulation concerning his felony status was troublesome. Nor can he. These stipulations are typical in felon-in-possession cases as a way for defendants to shield from the jury any evidence of the underlying felony. Were there no stipulation, the government would need to prove up defendant's criminal history, and would not be constrained simply to assert that defendant was a felon at the time of his possession of the firearm.

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show (a) his attorney's performance "fell below an objective standard of reasonableness;" and (b) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 688, 694. "Because counsel is presumed effective, a party bears a heavy burden in making a winning claim based on ineffective assistance of counsel." *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). If defendant fails to make the proper showing under one of the *Strickland* prongs, the Court need not consider the other. *Strickland*, 466 U.S. at 697.

Here, defendant fails both prongs of the *Strickland* test. Counsel for defendant, Steve Saltzman, is a well-regarded, fierce advocate for his client. The stipulation at issue was an appropriate recommendation for counsel to make, and it is a recommendation followed in almost all felon-in-possession cases. Thus, the advice is competent – you should agree to the stipulation to preclude the government from "proving up" the felony conviction. Said differently, counsel's advice to defendant fell "within the wide range of reasonable professional assistance." *Strickland*,

at 688-89.

In addition, even if defendant could meet the first prong of the *Strickland* test, the result in this case would not have been different. If the defendant did not stipulate to his felony status, the government would have established his felony background through independent evidence – such as a certified copy of conviction. Defendant has not argued that the government was not well-equipped to do just that had he not stipulated to his felony status. Accordingly, he was not prejudiced by the advice to enter into the stipulation.

## IV. DEFENDANT IS BARRED FROM RAISING AGAIN HIS COMMERCE CLAUSE ARGUMENT

As he admits in his section 2255 filing, defendant raised his Commerce Clause argument concerning 18 U.S.C. 922(g) in his direct appeal. The argument was rejected. Accordingly, defendant is barred from reasserting the claim in this section 2255 filing. *See United States v. DiDomenico*, 78 F.3d 294, 298-01 (7th Cir. 1996); *DeMaro v. Willingham*, 401 F.2d 105, 106 (7th Cir. 1968) (contentions raised on direct appeal cannot be relitigated under section 2255).

## V. DEFENDANT'S CONCLUSORY ASSERTION THAT 18 U.S.C. 3231 IS UNCONSTITUTIONAL IS BASELESS

Defendant's next makes a brief – and absurd – claim that Title 18, U.S.C., Section 3231 is unconstitutional. The very same argument has been emphatically rejected by the Seventh Circuit, most recently in the case of *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007). In *Collins*, Judge Posner wrote:

> Collins' lawyer . . . devotes his entire brief to arguing that Title 18 – the federal criminal code – is unconstitutional because of supposed irregularities in its enactment. We recently described an appeal in which [Collins' lawyer] made the same argument on behalf of another client as "unbelievably frivolous." *United States v. States*, No. 06-2345, 2007 WL 2768906 (7th Cir. Sept. 24, 2007). We affirm the judgment against his current client, without

> prejudice to the client's seeking post-conviction relief on the ground of ineffective assistance of counsel, and we order [Collins' lawyer] to show cause why he should not be sanctioned for professional misconduct in this court. We are also sending a copy of this opinion to the Texas bar disciplinary authorities.

So, too, here, defendant's claim is frivolous and should be rejected.

## VI. DEFENDANT'S ARGUMENT THAT THE COURT ERRED IN EXERCISING ITS ORIGINAL DISCRETION IS INCOMPREHENSIBLE AND MUST THEREFORE BE REJECTED

Defendant states flatly that the court "erred in exercising it's original discretion over the subject matter in the unique and extraordinary circumstances presented in light if the significant constitutional issues of public import." This claim is simply incomprehensible. Even judging the argument with the leniency reserved for pro se petitions, this claim must be rejected for its conclusory, vague nature. See, e.g. *Freeman United Coal Mining Co. v. Office of Workers' Comp. Programs,* 957 F.2d 302, 305 (7th Cir.1992) ("[I] have no obligation to consider an issue that is merely raised ..., but not developed in a party's brief."); *Indurante v. Local 705, Int'l Bhd. of Teamsters,* 160 F.3d 364, 366 (7th Cir.1998) ("[p]erfunctory and undeveloped assertion" waived).

## VII. DEFENDANT'S CLAIM THAT COUNSEL WAS INEFFECTIVE FOR FAILING TO SEEK SUPPRESSION OF RECORDED CONVERSATIONS IS ERRONEOUS

Finally, defendant wrongly asserts that his counsel was ineffective for failing to move to suppress evidence of phone conversations between defendant and the cooperating witness "that were undertaken in violation of the movant's fourth amendment constitutional rights." Defendant makes the novel argument that law enforcement needed a warrant to obtain permission to perform the recording of the defendant.

It was entirely lawful for the government to record conversations between the defendant and the cooperator. One party to the conversation – the cooperator – consented to the recording. That

is sufficient to make the recording lawful, without more. *See, e.g., Lopez v. United States*, 373 U.S. 427 (1963); *United States v. White*, 401 U.S. 745 (1971).

Accordingly, defendant's lawyer was not ineffective when he failed to seek suppression of the consensually recorded conversations between the defendant and the cooperator.

**CONCLUSION**

For all of the reasons stated above, this Court should deny defendant's motion filed pursuant to 28 U.S.C. § 2255.

Respectfully Submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Andrew C. Porter
ANDREW C. PORTER
Asst. U.S. Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5358

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255**

was served on March 12, 2008, in accordance with Fed. R. Crim.P.49, Fed R. Civ.P.5,LR5.5, and the General Order on Electronic Case filing (ECF), pursuant to the district court's system as to ECF filers.

Tomas Ortiz, #17223-424
F.C.I. Manchester
P.O. Box 4000
Manchester, KY 40962

Respectfully submitted,

PATRICK J. FITZGERALD

United States Attorney

By: s/ Andrew C. Porter
ANDREW C. PORTER
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5358