## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 880 - 1 | **DATE** | 6/23/2008 |
| **CASE TITLE** | U.S.A. vs. Tomas Ortiz | | |

**DOCKET ENTRY TEXT**

(Defendant Tomas Ortiz only). Defendant's Motion to Vacate, Set Aside or Correct Sentence (2255) [1] is Denied. (For further details see text below).

■[ For further details see text below.]  Docketing to mail notices.

### STATEMENT

Tomas Ortiz's *pro se* motion under 28 U.S.C. § 2255 makes the following claims: (1) the district court abused its discretion in sentencing him based on an enhancement for knowingly possessing a firearm to commit another crime that was not committed; (2) the district court erred and abused its discretion by finding that FED. R. EVID. 404(b) did not apply where the defendant opens the door to evidence of past illegal acts and conduct; (3) ineffective assistance of trial counsel by advising Ortiz to sign a stipulation that he was a convicted felon for purposes of 18 U.S.C. § 922(g)(1), which caused him to subject himself to self-incrimination in violation of the Fifth Amendment and which he would not have signed if he knew it would be used to convict him; (4) the district court erred in sentencing under § 922(g)(1) because it is "clearly prejudicial" as applied; (5) the district court erred and abused its discretion by entering an order committing him to custody pursuant to 18 U.S.C. § 3231 "of the unconstitutional public law 80-772 were issued ultra vires, are unconstitutional and coram non judice[;]" (6) the district court erred "in exercising it's original discretion over the subject matter in the unique and extraordinary circumstances in light if the significant constitutional issues of public import;" and (7) ineffective assistance of trial counsel for not moving to suppress evidence from telephone conversations recorded in violation of the Fourth Amendment because no warrant was issued. Ortiz states that claims 2 and 4 were raised on appeal, and specifies that claim 4 was raised in his petition for writ of certiorari to the Supreme Court. *See United States v. Ortiz*, 474 F.3d 976 (7th Cir. 2007) (affirming conviction because argument that Congress lacks power under Commerce Clause to enact § 922(g)(1) is "clearly foreclosed by controlling precedent," and any error in admitting evidence that "allegedly violated . . . Rule 404(b)" was harmless), *cert. denied*, *Ortiz v. United States*, 128 S.Ct. 51 (2007). Ortiz states that claims 1 and 3 were not raised on appeal, but contends that: he brought claim 1 to his counsel's attention and requested that he include it in the direct appeal, but counsel neglected to do so; and claim 3 "was not discovered except through due diligence." Ortiz further contends that claims 5, 6, and 7 were not previously raised in any federal court because "they were only discovered through due diligence along with the sure fact that counsel was ineffective for not presenting these issues." For the following

**STATEMENT**

reasons, the motion is denied.

Claim 1 is that the increase should not apply because another felony offense was not committed. In his reply, Ortiz adds that it was not proven that he possessed or transferred the firearm with the understanding that a felony would be committed. First, the guideline, by its terms, does not require that the other offense be committed for the increase to apply. Second, I specifically found that Ortiz knew the gun was to be used in the commission of a felony, and he does not challenge the underlying facts or suggest that my factual determination was erroneous. Further, to the extent that Ortiz attributes the failure to raise claim 1 on appeal to ineffective assistance of appellate counsel, the two-pronged test in *Strickland v. Washington* - that appellate counsel's performance was deficient, and that this deficiency prejudiced him - applies. *See Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). Whether the failure to raise an issue on appeal constitutes ineffective assistance depends on, after a review of the trial court record for "significant and obvious" issues, whether "the ignored issue is 'clearly stronger' than the arguments raised on appeal[.]" *See id.* Prejudice is established by showing that there is a reasonable probability that, but for the deficient performance, the result of the appeal would have been different. *Id.* Claim 1 is not clearly stronger than the issues raised on appeal, and the failure to raise it did not prejudice Ortiz.

Claim 3 does not state a claim for ineffective assistance of trial counsel because Ortiz has not shown that his attorney's performance was deficient and that this deficiency prejudiced him. Ortiz does not actually dispute that he was previously convicted of a felony, but rather argues that, had he known this information would have been used to convict him, he would not have signed the stipulation. I do not find that Ortiz's attorney's decision to stipulate to the prior felony offense, rather than require the government to prove it, constitutes ineffective assistance where the existence of the prior felony conviction is not contested.

I cannot consider claims 2 and 4 because they were raised on direct appeal, and Ortiz does not argue that the circumstances have changed. *See Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007) (explaining that issues raised on direct appeal may not be reconsidered on § 2255 motion absent changed circumstances). Claims 5 and 6 are indecipherable, and fail to set forth any specific factual allegations. Claim 7 fails because conversations recorded with one party's consent - here, the FBI informant - do not violate the Fourth Amendment. *See In re High Fructose Corn Syrup Antitrust Litigation*, 216 F.3d 621, 622-23 (7th Cir. 2000) (explaining that district court reasoned that people whose conversations were recorded by informant could have no basis to expect that conversations were not subject to recording where only basis for such expectation could be Fourth Amendment, which has been held inapplicable when one party to conversation consents to recording); *United States v. Horton*, 601 F.2d 319, 320 (7th Cir. 1979) (concluding that warrantless recording with consent of one party does not violate Fourth Amendment).