UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

TOMAS ORTIZ ]
PETITIONER, ]
 ]
 ]
VS. ] Case No: 1:08-CV-00880
 ]
 ]
UNITED STATES OF AMERICA ]
          RESPONDANT, ]

FILED
AUG 12 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOTICE OF APPEAL
PURSUANT TO Fed. R. App. P. 4(a)

Notice is hereby given that Tomas Ortiz, the petitioner, hereby appeals to the U.S. Court of Appeals for the Seventh Circuit from the final judgment of his motion pursuant to 28 U.S.C. § 2255, that was denied by this Honorable Court on 7-08-08.

Respectfully Submitted,

Mr. Tomas Ortiz/ Pro se,
Reg. No: 17223-424/LB
F.C.I. Manchester
P.O. Box 4000
Manchester, Ky. 40962-4000

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:   08cv880

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| USA/ Appellee | | Tomas Ortiz/Appellant |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Andrew C. Porter | Name | Tomas Ortiz (ProSe) |
| Firm | USAO | Firm | #17223-424 |
| Address | 219 South Dearborn Suite 500 Chicago, IL 60604 | Address | Manchester - FCI P.O. Box 4000 Manchester, KY 40962 |
| Phone | 312-353-5300 | Phone | n/a |

| Other Information | | | |
|---|---|---|---|
| District Judge | Bucklo | Date Filed in District Court | 2/14/2008 |
| Court Reporter | M. Snyder   Ext. 5563 | Date of Judgment | 07/8/2008 |
| Nature of Suit Code | 510 | Date of Notice of Appeal | 8/12/2008 |

COUNSEL:   Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:   Paid [ ]   Due [ ]   IFP [X]

IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 880 - 1 | **DATE** | 6/23/2008 |
| **CASE TITLE** | U.S.A. vs. Tomas Ortiz | | |

**DOCKET ENTRY TEXT**

(Defendant Tomas Ortiz only). Defendant's Motion to Vacate, Set Aside or Correct Sentence (2255) [1] is Denied. (For further details see text below).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Tomas Ortiz's *pro se* motion under 28 U.S.C. § 2255 makes the following claims: (1) the district court abused its discretion in sentencing him based on an enhancement for knowingly possessing a firearm to commit another crime that was not committed; (2) the district court erred and abused its discretion by finding that FED. R. EVID. 404(b) did not apply where the defendant opens the door to evidence of past illegal acts and conduct; (3) ineffective assistance of trial counsel by advising Ortiz to sign a stipulation that he was a convicted felon for purposes of 18 U.S.C. § 922(g)(1), which caused him to subject himself to self-incrimination in violation of the Fifth Amendment and which he would not have signed if he knew it would be used to convict him; (4) the district court erred in sentencing under § 922(g)(1) because it is "clearly prejudicial" as applied; (5) the district court erred and abused its discretion by entering an order committing him to custody pursuant to 18 U.S.C. § 3231 "of the unconstitutional public law 80-772 were issued ultra vires, are unconstitutional and coram non judice[;]" (6) the district court erred "in exercising it's original discretion over the subject matter in the unique and extraordinary circumstances in light if the significant constitutional issues of public import;" and (7) ineffective assistance of trial counsel for not moving to suppress evidence from telephone conversations recorded in violation of the Fourth Amendment because no warrant was issued. Ortiz states that claims 2 and 4 were raised on appeal, and specifies that claim 4 was raised in his petition for writ of certiorari to the Supreme Court. *See United States v. Ortiz*, 474 F.3d 976 (7th Cir. 2007) (affirming conviction because argument that Congress lacks power under Commerce Clause to enact § 922(g)(1) is "clearly foreclosed by controlling precedent," and any error in admitting evidence that "allegedly violated . . . Rule 404(b)" was harmless), *cert. denied*, *Ortiz v. United States*, 128 S.Ct. 51 (2007). Ortiz states that claims 1 and 3 were not raised on appeal, but contends that: he brought claim 1 to his counsel's attention and requested that he include it in the direct appeal, but counsel neglected to do so; and claim 3 "was not discovered except through due diligence." Ortiz further contends that claims 5, 6, and 7 were not previously raised in any federal court because "they were only discovered through due diligence along with the sure fact that counsel was ineffective for not presenting these issues." For the following

**STATEMENT**

reasons, the motion is denied.

Claim 1 is that the increase should not apply because another felony offense was not committed. In his reply, Ortiz adds that it was not proven that he possessed or transferred the firearm with the understanding that a felony would be committed. First, the guideline, by its terms, does not require that the other offense be committed for the increase to apply. Second, I specifically found that Ortiz knew the gun was to be used in the commission of a felony, and he does not challenge the underlying facts or suggest that my factual determination was erroneous. Further, to the extent that Ortiz attributes the failure to raise claim 1 on appeal to ineffective assistance of appellate counsel, the two-pronged test in *Strickland v. Washington* - that appellate counsel's performance was deficient, and that this deficiency prejudiced him - applies. *See Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). Whether the failure to raise an issue on appeal constitutes ineffective assistance depends on, after a review of the trial court record for "significant and obvious" issues, whether "the ignored issue is 'clearly stronger' than the arguments raised on appeal[.]" *See id.* Prejudice is established by showing that there is a reasonable probability that, but for the deficient performance, the result of the appeal would have been different. *Id.* Claim 1 is not clearly stronger than the issues raised on appeal, and the failure to raise it did not prejudice Ortiz.

Claim 3 does not state a claim for ineffective assistance of trial counsel because Ortiz has not shown that his attorney's performance was deficient and that this deficiency prejudiced him. Ortiz does not actually dispute that he was previously convicted of a felony, but rather argues that, had he known this information would have been used to convict him, he would not have signed the stipulation. I do not find that Ortiz's attorney's decision to stipulate to the prior felony offense, rather than require the government to prove it, constitutes ineffective assistance where the existence of the prior felony conviction is not contested.

I cannot consider claims 2 and 4 because they were raised on direct appeal, and Ortiz does not argue that the circumstances have changed. *See Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007) (explaining that issues raised on direct appeal may not be reconsidered on § 2255 motion absent changed circumstances). Claims 5 and 6 are indecipherable, and fail to set forth any specific factual allegations. Claim 7 fails because conversations recorded with one party's consent - here, the FBI informant - do not violate the Fourth Amendment. *See In re High Fructose Corn Syrup Antitrust Litigation*, 216 F.3d 621, 622-23 (7th Cir. 2000) (explaining that district court reasoned that people whose conversations were recorded by informant could have no basis to expect that conversations were not subject to recording where only basis for such expectation could be Fourth Amendment, which has been held inapplicable when one party to conversation consents to recording); *United States v. Horton*, 601 F.2d 319, 320 (7th Cir. 1979) (concluding that warrantless recording with consent of one party does not violate Fourth Amendment).

# United States District Court
## Northern District of Illinois
### Eastern Division

USA                                     **JUDGMENT IN A CIVIL CASE**

          v.                                     Case Number: 08 C 880

Thomas Ortiz

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion to Vacate, Set Aside or Correct Sentence (2255) is denied and the case is terminated.

Michael W. Dobbins, Clerk of Court

Date: 7/8/2008                                     _____
                                                                  /s/ Mathew P. John, Deputy Clerk

APPEAL, DENLOW

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00880
## Internal Use Only

| | |
|---|---|
| United States of America v. Ortiz | Date Filed: 02/14/2008 |
| Assigned to: Honorable Elaine E. Bucklo | Date Terminated: 07/08/2008 |
| Cause: 28:2255 Remedies on motion attacking sentence | Jury Demand: None |
| | Nature of Suit: 510 Prisoner: Vacate Sentence |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**United States of America**　　　　represented by　**AUSA**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Andrew C. Porter**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: andrew.porter@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Tomas Ortiz**　　　　represented by　**Tomas Ortiz**
#17223-424
Manchester - FCI
P.O. Box 4000
Manchester, KY 40962
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|

| | | | |
|---|---|---|---|
| 02/11/2008 | 1 | MOTION to Vacate, Set Aside or Correct Sentence (2255) and one copy filed by Tomas Ortiz. (04cr891). (ef, ) (Entered: 02/12/2008) | |
| 02/11/2008 | 2 | CIVIL Cover Sheet. (ef, ) (Entered: 02/12/2008) | |
| 02/11/2008 | 3 | APPLICATION by Defendant Tomas Ortiz for leave to proceed in forma pauperis. (Exhibits). (ef, ) (Entered: 02/12/2008) | |
| 02/11/2008 | 5 | POST MARKED envelope for initiating document by Tomas Ortiz (Document not scanned) (aew, ) (Entered: 02/21/2008) | |
| 02/12/2008 | | (Court only) FORWARDED Copy of Motion to Vacate to U.S. Attorney's Office. (ef, ) (Entered: 02/12/2008) | |
| 02/14/2008 | 4 | MINUTE entry before Judge Elaine E. Bucklo :The petitioners application to proceed in forma pauperis is granted. Response to the petitioners Section 2255 motion to vacate sentence etc. due by 3/14/08; and any reply by 5/14/08. Target date for ruling by mail set for 5/28/08.Mailed notice (ef, ) (Entered: 02/15/2008) | |
| 03/12/2008 | 6 | RESPONSE by Plaintiff United States of America *GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 28 USC SECTION 2255* (Attachments: # 1 Exhibit A)(Porter, Andrew) (Entered: 03/12/2008) | |
| 05/12/2008 | 7 | MOVANT'S RESPONSE to Respondent's response to Movant's motion to vacate, correct or set aside sentence in pursuant 28 U.S.C. 2255. (Exhibits) (kjc, ) (Entered: 05/15/2008) | |
| 06/23/2008 | 8 | MINUTE entry before the Honorable Elaine E. Bucklo: (Defendant Tomas Ortiz only). Defendant's Motion to Vacate, Set Aside or Correct Sentence (2255) 1 is Denied. (For further details see text below). Mailed notice (gmr, ) (Entered: 07/08/2008) | |
| 07/08/2008 | 9 | ENTERED JUDGMENT, Case Terminated Signed by the Courtroom Deputy Clerk on 7/8/2008.Mailed notice(mpj, ) (Entered: 07/08/2008) | |
| 08/12/2008 | 10 | NOTICE of appeal by Tomas Ortiz regarding orders 9 , 8 . (IFP) (gej, ) (Entered: 08/15/2008) | |
| 08/12/2008 | 11 | MOTION by Defendant Tomas Ortiz for leave to appeal in forma pauperis. (gej, ) (Entered: 08/15/2008) | |